UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN W. PEROTTI, | ) | CASE NO. 1:04 CV 1952 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| INVESTIGATOR MALLOY, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

Before the court is plaintiff John W. Perotti's "Motion to Amend the Judgment and or for Relief from Judgment and to Certify this Case for Appeal to the 6th Circuit." [Dkt #11] In his motion, Mr. Perotti asks the court to "amend its order to certify this case for appeal... ." (Mot. at 1.) It appears that Mr. Perotti also may be seeking reinstatement of his case as he requests "relief from judgment." (Mot. at 1.) In requesting the amendment of a judgment under Federal Civil Rule 59, Mr. Perotti was required to file his motion to alter or amend within 10 days from the date of the January 5, 2005 judgment he seeks to alter. FED. R. CIV. P. 59(e). His motion was filed on March 7, 2005, beyond the 10 day deadline from this court's judgment. Inasmuch as this court lacks jurisdiction to enlarge the time for filing under a Rule 59(e), see FED.R.CIV.P. 6(b); Denley v.

Shearson American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984), Mr. Perotti's Motion to Alter Judgment is **denied** as untimely.

Where a party's Rule 59 motion is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment.  Feathers v. Chevron U.S.A., 141 F.3d 264, 268 (6th Cir.1998); see e.g., Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 506 U.S. 828 (1992).  The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion, however.  A timely Rule 59 motion may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States."  FED.R.CIV.P. 59(a).  A Rule 60(b) motion, by contrast, may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;  or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b).

Because the motion does not invoke any of the first five grounds for relief enumerated in the rule, petitioner's request may be construed under subsection (b)(6), "any other reason justifying relief" from judgment.  However, this subsection is only properly invoked in "unusual and extreme situations where principles of equity mandate relief."  Olle v. Henry & Wright

Corp., 910 F.2d 357, 365 (6th Cir.1990).

This case was dismissed on January 5, 2005 as duplicative of Case No. 1:04 CV 1914 which Mr. Perotti filed on September 22, 2004. He submitted Marshal forms, summonses and a Motion for Preliminary Injunction to the court on September 27, 2004. Those documents were clearly intended to be part of Case No. 1:04 CV 1914; however, they were inadvertently filed as a separate action in the above-captioned case. The court remedied the error by ordering that all documents submitted in this case, No. 1:04 CV 1952, be transferred to Case No. 1:04 CV 1914, and this case dismissed as duplicative. There was no decision on the merits of Mr. Perotti's claims in this case and Mr. Perotti presents no allegation which would suggest he is entitled to relief from judgment

Accordingly, Mr. Perotti's "Motion to Amend the Judgment and or for Relief from Judgment and to Certify this Case for Appeal to the 6th Circuit" [Dkt #11] is **denied**.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 5/3/05